JS 44 (Rev. 02/19)

# CIVIL COVER SHEET

The JS 44 civil cover sheet and the information contained herein neither replace nor supplement the filing and service of pleadings or other papers as required by law, except as provided by local rules of court. This form, approved by the Judicial Conference of the United States in September 1974, is required for the use of the Clerk of Court for the purpose of initiating the civil docket sheet. *(SEE INSTRUCTIONS ON NEXT PAGE OF THIS FORM.)*

## I. (a) PLAINTIFFS
EFRAN SANTOS CRUZ,

**DEFENDANTS**
GREG WALCZAK and
MERIDIAN CONTRACTORS and CONSULTANTS, LLC

**(b)** County of Residence of First Listed Plaintiff   Philadelphia
*(EXCEPT IN U.S. PLAINTIFF CASES)*

County of Residence of First Listed Defendant   Philadelphia
*(IN U.S. PLAINTIFF CASES ONLY)*
NOTE:   IN LAND CONDEMNATION CASES, USE THE LOCATION OF
THE TRACT OF LAND INVOLVED.

**(c)** Attorneys *(Firm Name, Address, and Telephone Number)*
Nicholas J. Sansone, Esq., Cooper Levenson, PA,
1415 Marlton Pike E., Suite #205, Cherry Hill, NJ  08034
856-857-5508, nsansone@cooperlevenson.com

Attorneys *(If Known)*

## II. BASIS OF JURISDICTION *(Place an "X" in One Box Only)*

☐ 1  U.S. Government
        Plaintiff

☒ 3  Federal Question
        *(U.S. Government Not a Party)*

☐ 2  U.S. Government
        Defendant

☐ 4  Diversity
        *(Indicate Citizenship of Parties in Item III)*

## III. CITIZENSHIP OF PRINCIPAL PARTIES *(Place an "X" in One Box for Plaintiff*
*(For Diversity Cases Only)*                                               *and One Box for Defendant)*

|  | PTF | DEF |  | PTF | DEF |
|---|---|---|---|---|---|
| Citizen of This State | ☐ 1 | ☒ 1 | Incorporated *or* Principal Place of Business In This State | ☐ 4 | ☒ 4 |
| Citizen of Another State | ☐ 2 | ☐ 2 | Incorporated *and* Principal Place of Business In Another State | ☐ 5 | ☐ 5 |
| Citizen or Subject of a Foreign Country | ☐ 3 | ☐ 3 | Foreign Nation | ☐ 6 | ☐ 6 |

## IV. NATURE OF SUIT *(Place an "X" in One Box Only)*
Click here for: Nature of Suit Code Descriptions.

| CONTRACT | TORTS | | FORFEITURE/PENALTY | BANKRUPTCY | OTHER STATUTES |
|---|---|---|---|---|---|
| ☐ 110 Insurance | **PERSONAL INJURY** | **PERSONAL INJURY** | ☐ 625 Drug Related Seizure of Property 21 USC 881 | ☐ 422 Appeal 28 USC 158 | ☐ 375 False Claims Act |
| ☐ 120 Marine | ☐ 310 Airplane | ☐ 365 Personal Injury - Product Liability | ☐ 690 Other | ☐ 423 Withdrawal 28 USC 157 | ☐ 376 Qui Tam (31 USC 3729(a)) |
| ☐ 130 Miller Act | ☐ 315 Airplane Product Liability | ☐ 367 Health Care/ Pharmaceutical Personal Injury Product Liability | | **PROPERTY RIGHTS** | ☐ 400 State Reapportionment |
| ☐ 140 Negotiable Instrument | ☐ 320 Assault, Libel & Slander | | | ☐ 820 Copyrights | ☐ 410 Antitrust |
| ☐ 150 Recovery of Overpayment & Enforcement of Judgment | ☐ 330 Federal Employers' Liability | | | ☐ 830 Patent | ☐ 430 Banks and Banking |
| ☐ 151 Medicare Act | ☐ 340 Marine | ☐ 368 Asbestos Personal Injury Product Liability | | ☐ 835 Patent - Abbreviated New Drug Application | ☐ 450 Commerce |
| ☐ 152 Recovery of Defaulted Student Loans (Excludes Veterans) | ☐ 345 Marine Product Liability | **PERSONAL PROPERTY** | **LABOR** | ☐ 840 Trademark | ☐ 460 Deportation |
| | ☐ 350 Motor Vehicle | ☐ 370 Other Fraud | ☒ 710 Fair Labor Standards Act | **SOCIAL SECURITY** | ☐ 470 Racketeer Influenced and Corrupt Organizations |
| ☐ 153 Recovery of Overpayment of Veteran's Benefits | ☐ 355 Motor Vehicle Product Liability | ☐ 371 Truth in Lending | ☐ 720 Labor/Management Relations | ☐ 861 HIA (1395ff) | ☐ 480 Consumer Credit |
| ☐ 160 Stockholders' Suits | ☐ 360 Other Personal Injury | ☐ 380 Other Personal Property Damage | ☐ 740 Railway Labor Act | ☐ 862 Black Lung (923) | ☐ 485 Telephone Consumer Protection Act |
| ☐ 190 Other Contract | ☐ 362 Personal Injury - Medical Malpractice | ☐ 385 Property Damage Product Liability | ☐ 751 Family and Medical Leave Act | ☐ 863 DIWC/DIWW (405(g)) | ☐ 490 Cable/Sat TV |
| ☐ 195 Contract Product Liability | | | | ☐ 864 SSID Title XVI | ☐ 850 Securities/Commodities/ Exchange |
| ☐ 196 Franchise | | | ☐ 790 Other Labor Litigation | ☐ 865 RSI (405(g)) | ☐ 890 Other Statutory Actions |
| **REAL PROPERTY** | **CIVIL RIGHTS** | **PRISONER PETITIONS** | ☐ 791 Employee Retirement Income Security Act | **FEDERAL TAX SUITS** | ☐ 891 Agricultural Acts |
| ☐ 210 Land Condemnation | ☐ 440 Other Civil Rights | **Habeas Corpus:** | | ☐ 870 Taxes (U.S. Plaintiff or Defendant) | ☐ 893 Environmental Matters |
| ☐ 220 Foreclosure | ☐ 441 Voting | ☐ 463 Alien Detainee | | ☐ 871 IRS—Third Party 26 USC 7609 | ☐ 895 Freedom of Information Act |
| ☐ 230 Rent Lease & Ejectment | ☐ 442 Employment | ☐ 510 Motions to Vacate Sentence | | | ☐ 896 Arbitration |
| ☐ 240 Torts to Land | ☐ 443 Housing/ Accommodations | ☐ 530 General | | | ☐ 899 Administrative Procedure Act/Review or Appeal of Agency Decision |
| ☐ 245 Tort Product Liability | ☐ 445 Amer. w/Disabilities - Employment | ☐ 535 Death Penalty | **IMMIGRATION** | | ☐ 950 Constitutionality of State Statutes |
| ☐ 290 All Other Real Property | ☐ 446 Amer. w/Disabilities - Other | ☐ 540 Mandamus & Other | ☐ 462 Naturalization Application | | |
| | ☐ 448 Education | ☐ 550 Civil Rights | ☐ 465 Other Immigration Actions | | |
| | | ☐ 555 Prison Condition | | | |
| | | ☐ 560 Civil Detainee - Conditions of Confinement | | | |

## V. ORIGIN *(Place an "X" in One Box Only)*

☒ 1  Original
        Proceeding

☐ 2  Removed from
        State Court

☐ 3  Remanded from
        Appellate Court

☐ 4  Reinstated or
        Reopened

☐ 5  Transferred from
        Another District
        *(specify)*

☐ 6  Multidistrict
        Litigation -
        Transfer

☐ 8  Multidistrict
        Litigation -
        Direct File

## VI. CAUSE OF ACTION
Cite the U.S. Civil Statute under which you are filing *(Do not cite jurisdictional statutes unless diversity)*:
FLSA 29 U.S.C. Section 201, et seq.
Brief description of cause:

## VII. REQUESTED IN COMPLAINT:
☐ CHECK IF THIS IS A CLASS ACTION
    UNDER RULE 23, F.R.Cv.P.

DEMAND $

CHECK YES only if demanded in complaint:
JURY DEMAND:   ☐ Yes   ☒ No

## VIII. RELATED CASE(S) IF ANY
*(See instructions):*   JUDGE _____   DOCKET NUMBER _____

DATE
07/03/2019

SIGNATURE OF ATTORNEY OF RECORD
X

**FOR OFFICE USE ONLY**

RECEIPT # _____   AMOUNT _____   APPLYING IFP _____   JUDGE _____   MAG. JUDGE _____

JDW                    19    2914

## UNITED STATES DISTRICT COURT
### FOR THE EASTERN DISTRICT OF PENNSYLVANIA

**DESIGNATION FORM**
*(to be used by counsel or pro se plaintiff to indicate the category of the case for the purpose of assignment to the appropriate calendar)*

Address of Plaintiff: 4644 Ella St. Philadelphia, PA 19120

Address of Defendant: 425 Edgemont St. Phila, PA 19137 & 560 State Rd Bensalem, PA 19020

Place of Accident, Incident or Transaction: Philadelphia, PA

---

**RELATED CASE, IF ANY:**

Case Number: Filed Simultaneously    Judge: _____    Date Terminated: _____

Civil cases are deemed related when *Yes* is answered to any of the following questions:

| | | | |
|---|---|---|---|
| 1. | Is this case related to property included in an earlier numbered suit pending or within one year previously terminated action in this court? | Yes ☐ | No ☐ |
| 2. | Does this case involve the same issue of fact or grow out of the same transaction as a prior suit pending or within one year previously terminated action in this court? | Yes ☐ | No ☐ |
| 3. | Does this case involve the validity or infringement of a patent already in suit or any earlier numbered case pending or within one year previously terminated action of this court? | Yes ☐ | No ☐ |
| 4. | Is this case a second or successive habeas corpus, social security appeal, or pro se civil rights case filed by the same individual? | Yes ☐ | No ☐ |

I certify that, to my knowledge, the within case ☑ **is** ☐ **is not** related to any case now pending or within one year previously terminated action in this court except as noted above.

DATE: 7/3/19        Nicholas Samsons, Esq.

*Attorney-at-Law / Pro Se Plaintiff*          *Attorney I.D. # (if applicable)*

---

**CIVIL: (Place a √ in one category only)**

**A.    Federal Question Cases:**

☐ 1. Indemnity Contract, Marine Contract, and All Other Contracts
☐ 2. FELA
☐ 3. Jones Act-Personal Injury
☐ 4. Antitrust
☐ 5. Patent
☑ 6. Labor-Management Relations
☑ 7. Civil Rights
☐ 8. Habeas Corpus
☐ 9. Securities Act(s) Cases
☐ 10. Social Security Review Cases
☐ 11. All other Federal Question Cases
    *(Please specify):* _____

**B.    Diversity Jurisdiction Cases:**

☐ 1. Insurance Contract and Other Contracts
☐ 2. Airplane Personal Injury
☐ 3. Assault, Defamation
☐ 4. Marine Personal Injury
☐ 5. Motor Vehicle Personal Injury
☐ 6. Other Personal Injury *(Please specify):* _____
☐ 7. Products Liability
☐ 8. Products Liability – Asbestos
☐ 9. All other Diversity Cases
    *(Please specify):* _____

---

**ARBITRATION CERTIFICATION**
*(The effect of this certification is to remove the case from eligibility for arbitration.)*

I, _____, counsel of record *or pro se plaintiff, do hereby certify:

☐ Pursuant to Local Civil Rule 53.2, § 3(c) (2), that to the best of my knowledge and belief, the damages recoverable in this civil action case exceed the sum of $150,000.00 exclusive of interest and costs:

☐ Relief other than monetary damages is sought.

JUL - 3 2019

DATE: _____    _____    _____
            *Attorney-at-Law / Pro Se Plaintiff*          *Attorney I.D. # (if applicable)*

NOTE: A trial de novo will be a trial by jury only if there has been compliance with F.R.C.P. 38.

JDW

# IN THE UNITED STATES DISTRICT COURT
## FOR THE EASTERN DISTRICT OF PENNSYLVANIA

### CASE MANAGEMENT TRACK DESIGNATION FORM

| EFRAN SANTOS CRUZ, | : | CIVIL ACTION |
|---|---|---|
| v. | : | 19      2914 |
| GREG WALCZAK and MERIDIAN CONTRACTORS AND CONSULTANTS, LLC | : | NO. _____ |

In accordance with the Civil Justice Expense and Delay Reduction Plan of this court, counsel for plaintiff shall complete a Case Management Track Designation Form in all civil cases at the time of filing the complaint and serve a copy on all defendants. (See § 1:03 of the plan set forth on the reverse side of this form.)  In the event that a defendant does not agree with the plaintiff regarding said designation, that defendant shall, with its first appearance, submit to the clerk of court and serve on the plaintiff and all other parties, a Case Management Track Designation Form specifying the track to which that defendant believes the case should be assigned.

### SELECT ONE OF THE FOLLOWING CASE MANAGEMENT TRACKS:

(a) Habeas Corpus – Cases brought under 28 U.S.C. § 2241 through § 2255.                    (  )

(b) Social Security – Cases requesting review of a decision of the Secretary of Health and Human Services denying plaintiff Social Security Benefits.                    (  )

(c) Arbitration – Cases required to be designated for arbitration under Local Civil Rule 53.2.   (  )

(d) Asbestos – Cases involving claims for personal injury or property damage from exposure to asbestos.                    (  )

(e) Special Management – Cases that do not fall into tracks (a) through (d) that are commonly referred to as complex and that need special or intense management by the court.  (See reverse side of this form for a detailed explanation of special management cases.)                    (  )

(f) Standard Management – Cases that do not fall into any one of the other tracks.             (X)

| 07/03/2019 | | Nicholas J. Sansone, Esquire |
|---|---|---|
| **Date** | **Attorney-at-law** | **Attorney for** Plaintiff |
| 856-857-5508 | 856-795-8641 | nsansone@cooperlevenson.com |
| **Telephone** | **FAX Number** | **E-Mail Address** |

(Civ. 660) 10/02

JUL - 3 2019





## IN THE UNITED STATES DISTRICT COURT
## FOR THE EASTERN DISTRICT OF PENNSYLVANIA

------------------------------------------------------------

Efran Santos Cruz    :
4644 Ella Street     :
Philadelphia, PA 19120   :  Civil Action No.
   v.        :
Greg Walczak      :
425 Edgemont Street,    :
Philadelphia, Pennsylvania 19137 :
             :
And           :
             :
Meridian Contractors and
Consultants, LLC     :
560 State Rd. Suite 202   :
Bensalem, Pennsylvania 19020  :

## COMPLAINT

1.  Plaintiff Efran Santos Cruz is an adult individual residing at the above address.

2.  Defendant Greg Walczak is an adult individual residing at the above address ("Defendant Walczak").

3.  Defendant Meridian Contractors and Consultants, LLC, is a business entity operating under the laws of the Commonwealth of Pennsylvania with its principal place of business located at 560 State Rd., Suite 202, Bensalem, PA 19020 ("Meridian"). Meridian is a construction company offering a variety of services in the property renovation and building industry.



4.   At all times material hereto, Defendant Walczak was the owner, president and/or principal of Meridian (collectively hereafter as "Defendants").

5.   Jurisdiction over the Fair Labor Standard Act ("FLSA") claim is proper under 28 U.S.C. §1331.

6.   Jurisdiction over the State Law Claims is proper under 28 U.S.C. §1367.

7.   Venue is proper under 28 U.S.C. §1391.

8.   The instant action stems from Defendants' failure to pay Plaintiff for labor on various projects which were completed in or about July 2017 through October 2017.

9.   During this timeframe, Plaintiff was employed as a mason for Aspen Construction Services, Inc. ("Aspen"). He was paid $25.00 per hour in this capacity.

10.   Throughout the aforementioned timeframe, Defendants utilized Plaintiff to perform work in furtherance of Meridian's business projects. Defendant Walczak also utilized Plaintiff's services for his own personal projects.

11.   Defendant Walczak had been hired by Aspen Construction as a project manager in or about April or May 2017.

12.   Defendant Walczak proceeded to engage in conduct throughout his employment at Aspen wherein he regularly

2

conducted work unrelated to Aspen projects and in furtherance of Meridian's work i.e. bids Meridian had procured.

13.   Defendant Walczak misrepresented to Plaintiff that the work he was being asked to perform, as it relates to any bid work, were Aspen projects.

14.   Specifically,   Defendants   failed   to   compensate Plaintiff for work performed by Plaintiff as part of renovation improvements performed on the Green Street Friends School in Philadelphia, work which was completed in or about the end of July 2017.

15.   Plaintiff's   work   involved   laying   brick,   performing window installation and window sealant/patch work and other lintel related work.

16.   Plaintiff performed work at the Green Street School Friends School for six weeks, appearing at the job-site two to three times a week, between eight to ten hours a day at $25.00 an hour.

17.   Plaintiff initially believed this labor was for a bid procured by Aspen; in fact, this was related to Meridian's work on a bid procured solely by Meridian.

18.   In sum, Defendants have failed to pay at or in excess of $2,500.00 in wages owed to Plaintiff on the Green Street Friends School renovation project.

19.   In July through August, 2017, Plaintiff performed certain chimney improvement work for Defendants on various residential and/or commercial properties. This included cleaning said chimneys and otherwise restoring brick on various properties as required.

20.   Plaintiff spent two days on the work sites for nine hours a day at his standard $25.00/hour and was not compensated for said work at or in excess of $450.00 by Defendants.

21.   In August through September 2017, Defendants hired Plaintiff for work for improvements and renovations to the Metro Diner on West Street Road in Warminster, Pennsylvania.

22.   Plaintiff performed certain stucco and construction work at this site for four weeks at two to three days per week at nine to ten hours per day at his standard rate of $25.00 per hour.

23.   Upon information and belief, Defendants still owe Plaintiff for approximately twelve business days for wages totaling at or in excess of $4,000.00-$5,000.00 inclusive of overtime.

24.  Plaintiff also performed certain garage renovations and improvements for Defendant Walczak's home in September 2017, said work which took two days at eight hours a day at the standard rate of $25.00/hour or at or in excess of $400.00.

25.  Plaintiff has not been paid in any way for his services for this work which was wholly in furtherance of Defendant Walczak's personal property.

### COUNT I-BREACH OF CONTRACT
### PLAINTIFF EFRAN SANTOS CRUZ  V. DEFENDANT WALCZAK

26.  Plaintiff incorporates by reference the preceding paragraphs as if fully set forth herein.

27.  At all times relevant hereto, Plaintiff and Defendant Walczak had an agreement, evidenced by the conduct of the parties and the work done by Plaintiff, in which the Plaintiff agreed to provide his services as a mason in return for full compensation for said labor from Defendants.

28.  Defendant accepted the value of the services performed by Plaintiff but has failed to compensate Plaintiff in full for said services despite the work being done fully and satisfactorily by Plaintiff.

29.  Plaintiff engaged in no conduct in performing said services which would constitute a breach of any agreement he

5

agreed to undertake for Defendants and at all times, his work was complete and in accordance with what was requested.

30.  As a direct and proximate cause of the Defendant's breach of contract, Plaintiff has been damaged with direct monetary losses of the income he would have earned had he been fully compensated.

31.  These damages, as well as any other compensatory damages, consequential damages, interest, attorney's fees and costs were a foreseeable result of Defendant's breach.

### COUNT II – NEGLIGENT MISREPRESENTATION
### PLAINTIFF EFRAN SANTOS CRUZ v. DEFENDANTS WALCZAK AND MERIDIAN

32.  Plaintiff incorporates by reference the preceding paragraphs as if fully set forth herein.

33.  As set forth above, Defendants represented to Plaintiff that they would compensate Plaintiff for the labor services he provided for the above projects but did not pay Plaintiff what he is fully owed.

34.  These misrepresentations and/or omissions were negligently made to induce Plaintiff to engage work for Defendants and, as detailed below, to mislead Plaintiff into believing he was performing labor for his employer Aspen when he

6

was indeed furthering Defendants' own business and/or personal interests.

35. Plaintiff reasonably relied upon these misrepresentations and performed work for Defendants.

36. Defendants either knowingly or negligently represented to the Plaintiff that they would compensate Plaintiff for work done as part of the above projects and/or Plaintiff had an expectation that Aspen would pay his wages until it was discovered he was not engaging in Aspen related work and subsequently never paid.

37. As a direct and proximate result of Defendants' negligent misrepresentations, Plaintiff incurred economic loss and has been damaged.

38. As a direct and proximate result of Defendants' negligent misrepresentations, Plaintiff has been damaged and is entitled to all monies owed him as a matter of law for the above referenced work.

## COUNT III-QUANTUM MERUIT
## PLAINTIFF EFRAN SANTOS CRUZ v. DEFENDANTS WALCZAK AND MERIDIAN

39. Plaintiff incorporates by reference the preceding paragraphs as if fully set forth herein.

7

40. Defendants have received the benefit of services provided by Plaintiff during work as detailed above.

41. Plaintiff is entitled by reason of *quantum meruit* to the reasonable value of services provided to the Defendants for which Defendants have failed and refused to compensate Plaintiff.

## COUNT IV - FAIR LABOR STANDARDS ACT
### PLAINTIFF EFRAN SANTOS CRUZ V. DEFENDANTS WALCZAK AND MERIDIAN

42. Plaintiff incorporates by reference the preceding paragraphs as if fully set forth herein.

43. Plaintiff is an employee entitled to the Fair Labor Standards Act ("FLSA") protection and Defendants are an employer required to follow FLSA mandates.

44. Defendants violated the FLSA by failing to pay Plaintiff for all hours worked.

45. In violating the FLSA, Defendants acted willfully and with reckless disregard of all clearly applicable FLSA provisions requiring payment.

## COUNT V - PENNSYLVANIA MINIMUM WAGE ACT
### PLAINTIFF EFRAN SANTOS CRUZ V. DEFENDANTS WALCZAK AND MERIDIAN

46. Plaintiff incorporates the previous paragraphs as if fully set forth at length herein.

47. Plaintiff is an employee entitled to the Pennsylvania Minimum Wage Act ("PMWA") protections and Defendants are an employer required to follow the PMWA mandates.

48. The PMWA requires Defendants to pay Plaintiff compensation calculated at 150% of their regular pay rate for all hours worked in excess of forty hours per week.

49. Defendants violated the PMWA by failing to pay Plaintiff compensation for all hours worked in excess of forty hours per week.

50. In violating the PMWA, Defendants acted willfully and with reckless disregard of all critically applicable PMWA provisions requiring payment.

## COUNT VI – PENNSYLVANIA WAGE PAYMENT AND COLLECTION LAW
## PLAINTIFF EFRAN SANTOS CRUZ   V. DEFENDANTS WALCZAK AND MERIDIAN

51. Plaintiff incorporates the previous paragraphs as if fully set forth at length herein.

52. Plaintiff is an employee entitled to the Pennsylvania Wage Payment and Collection Law ("PWPCL")'s protections and Defendants are an employer required to follow the PWPCL mandates.

53.   PWPCL requires employees to be compensated for all hours worked.

54.   Defendants violated the PWPCL by failing to pay Plaintiff for all hours worked and for the reimbursement of expenses provided to all employees.

55.   In violating the PWPCL, Defendants acted willfully and with reckless disregard of all clearly applicable PWPCL provisions regarding payment.

### PRAYER FOR RELIEF

WHEREFORE, Plaintiff seeks the following relief:

A.   Payment of all unpaid regular wages;

B.   Liquidated damages, penalties and/or pre-judgment interest;

C.   Attorneys' fees and costs as allowed by statute; and

D.   Any other relief that this Court deems just and proper.

COOPER LEVENSON, P.A.

BY: _____
    NICHOLAS J. SANSONE, ESQUIRE
    Attorney for Plaintiff

10